UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

RICHARD KOSLIK,
        Petitioner,

                                                            PRISONER
    v.                                                  Case No. 3:12cv846 (MPS)

WARDEN WHIDDEN,
        Respondent.

**RULING ON AMENDED PETITION FOR WRIT OF HABEAS CORPUS**

The petitioner, Richard Koslik, was confined at the Carl Robinson Correctional Institution in Enfield, Connecticut, when he commenced this action for writ of habeas corpus *pro se* pursuant to 28 U.S.C. § 2254. He challenges his March 2011 convictions for failing to comply with Connecticut home improvement contractor requirements. For the reasons that follow, the amended petition will be dismissed.

As a preliminary matter, the court notes that mail sent to the petitioner at his address on file with the court, Carl Robinson Correctional Institution, has been returned by the United States Postal Service as undeliverable with a notation that the petitioner is no longer confined at Carl Robinson. (*See* Docket Entry Jan. 30, 2013.) The State of Connecticut Department of Correction website reflects that the petitioner has been discharged from prison.[1] Because the petitioner has neglected to provide his current mailing address to the Clerk, he is in violation of a rule of the court. *See* Rule 83.1(c), D. Conn. L. Civ. R. (*pro se* party must provide the Court with a written notice indicating an address **within Connecticut** where he can be served with motions, pleadings and other court documents filed in the case).

---

[1]This information may be found at: http://www.ctinmateinfo.state.ct.us (last visited October 8, 2013).

**I.     Standard of Review**

A prerequisite to habeas corpus relief under 28 U.S.C. § 2254 is the exhaustion of available state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); 28 U.S.C. § 2254(b)(1)(A). The exhaustion requirement seeks to promote considerations of comity between the federal and state judicial systems. *See Cotto v. Hebert*, 331 F.3d 217, 237 (2d Cir.1982).

To satisfy the exhaustion requirement, a petitioner must present the essential factual and legal bases of his federal claim to each appropriate state court, including the highest state court capable of reviewing it, in order to give state courts a full and fair "opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam) (internal quotation marks and citation omitted). A federal claim has been "fairly present[ed] in each appropriate state court, including a state supreme court with powers of discretionary review," if it "alert[s] that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (internal parentheses and quotation marks omitted). A petitioner "does not fairly present a claim to a state court if that court must read beyond a petition or a brief . . . that does not alert it to the presence of a federal claim in order to find material . . . that does so." *Id.* at 32.

Failure to exhaust may be excused only where "there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient to render futile any effort to obtain relief." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981) (per curiam). A petitioner cannot, however, simply wait until appellate remedies no longer are available and argue that the claim is exhausted. *See Galdamez v. Keane*, 394 F.3d 68, 73-74 (2d Cir.), *cert. denied*, 544 U.S. 1025 (2005).

**II.    Procedural Background**

In the Connecticut Superior Court for the Judicial District of Hartford at New Britain, the petitioner was charged in three criminal cases with failing to comply with home improvement

contractor requirements in violation of Connecticut General Statutes § 20-427(b).  (*See* Amended Pet. Writ Habeas Corpus at 2.)  On March 2, 2011, the judge found the petitioner guilty of one count of failing to  comply with home improvement contractor requirements in violation of Connecticut General Statutes § 20-427(b) in *State v. Koslik*, Case No. H15N-CR07-0032957-T, one count of failing to comply with home improvement contractor requirements in violation of Connecticut General Statutes § 20-427(b) in *State v. Koslik*, Case No. H15N-CR07-0233627-S, and two counts of failing to comply with home improvement contractor requirements in violation of Connecticut General Statutes § 20-427(b) in *State v. Koslik*, Case No. H15N-CR07-0608097-1.  (*See id.*)

The judge sentenced the petitioner to six months of imprisonment in the first case, six months of imprisonment in the second case and 12 months of imprisonment in the third case *for a total effective sentence of two years of imprisonment.*  (*See id.*)  The petitioner filed an appeal of the convictions.  (*See id.* at 3.)

On March 15, 2011, a Superior Court Judge set appeal bonds in the amount of $20,000.00 for each of the three criminal matters.  *(See* Pet. Writ Habeas Corpus at 17.)  On September 21, 2011, in the Connecticut Appellate Court, the petitioner filed a motion for review of the trial court's order regarding release on bail.  (*See id.* at 16.)  The petitioner requested that the Connecticut Appellate Court reduce the amount of the appeal bonds to $100.00 for each of the three criminal matters and release him on bail.  On October 26, 2011, the Connecticut Appellate Court dismissed the motion.  (*See id.* at 31.)  On July 23, 2012, the petitioner filed a second motion for review of the trial court's order regarding release on bail.  On August 9, 2012, the Connecticut Appellate Court

denied the motion. The appeal of the petitioner's convictions remains pending.[2]  *See State v. Koslik*, AC 33298, (Conn. Aug. 9, 2012).

On May 16 2011, the petitioner filed a habeas petition challenging his March 2, 2011 convictions in the Connecticut Superior Court for the Judicial District of Tolland at Rockville. (*See* Amended Pet. Writ Habeas Corpus at 5.) That petition remains pending as well. *See Koslik v. Warden, State Prison*, Case No. TSR-CV11-4004158-S (Conn. Super. Ct. May 16, 2011).

### III.    Discussion

The petitioner asks this court to review the Connecticut Appellate Court's dismissal of his petition for review of the trial court's order setting an appeal bond of $20,000.00 for each of the three criminal cases. The petitioner seeks an order reducing the appeal bonds to $100.00 each.

The petitioner concedes that the appeal of his convictions as well as the state habeas petition are still pending. In addition, the petitioner does not assert that he filed a petition for certification with the Connecticut Supreme Court seeking to appeal the denial or dismissal of his petition for review of the trial court's order setting appeal bonds of $20,000.00 in each of the three criminal matters. Because the petitioner has not presented his claim to the highest state court capable of reviewing them, the claim is not exhausted. See *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (To satisfy the exhaustion requirement, a petitioner must present the essential factual and legal bases of his federal claim to each appropriate state court, including the highest state court capable of reviewing it, in order to give state courts a full and fair "opportunity to pass upon and correct alleged violations of its prisoners' federal rights.") (per curiam) (internal quotation marks and

---

[2] Information regarding this appeal may be found at: http:\\appellateinquiry.jud.ct.gov/CaseNameInq.aspx (last visited May 7, 2013) under the name of Koslik.

citation omitted).

Even if the petitioner had exhausted his available state court remedies, it is apparent that the relief sought by the petitioner is no longer necessary. The petitioner seeks an order that the appeal bonds set by the trial court be reduced to $100.00 on each of the three criminal files. At this point, the petitioner is not incarcerated within the Department of Correction. Thus, the relief sought is moot. For all of the reasons above, the amended petition for writ of habeas corpus is dismissed.

## IV.     Conclusion

The Amended Petition for Writ of Habeas Corpus [**Doc. No. 6**] is **DISMISSED**.[3] The court concludes that jurists of reason would not find it debatable that petitioner failed to exhaust his state court remedies. Thus, a certificate of appealability will not issue. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (holding that when the district court denies a habeas petition on procedural grounds, a certificate of appealability should issue if jurists of reason would find debatable the correctness of the district court's ruling). The Clerk is directed to enter judgement and close this case.

**SO ORDERED** this 12th day of November 2013, at Hartford, Connecticut.

/s/
MICHAEL P. SHEA
UNITED STATES DISTRICT JUDGE

---

[3] As this is not a mixed petition containing unexhausted and claims, a stay of this action pursuant to *Zarvela v. Artuz*, 254 F.3d 374, 380-83 (2d Cir. 2001) would be inappropriate. *See id.* (When a petition contains both exhausted and unexhausted claims, the Court of Appeals for the Second Circuit recommends that the district court stay the exhausted claims and dismiss the unexhausted claims with a direction to the petitioner to timely complete the exhaustion process and return to federal court).